SARAH DE SILVA v. STATE OF MISSISSIPPI.

[47 South. 464.]

CRIMINAL LAW AND PROCEDURE. *Instructions. Assuming facts.*

An instruction which assumes the existence of a controverted fact, or a fact of which there is no evidence, is erroneous and should not be given.

FROM the circuit court of Harrison county.

HON. WILLIAM H. HARDY, Judge.

Madame De Silva, appellant, was indicted, tried and convicted of an assault and battery on Margaret Harvey and appealed to the supreme court. The judgment rendered against her on the first trial of the case was reversed and a new trial awarded. The decision on the first appeal is reported. *De-Silva v. State*, 91 Miss. 777; 45 South. 611. · Upon the remand of the case to the circuit court a second trial was had and the Madame again convicted and she again appealed (this the second appeal) to the supreme court.

The appellant's daughter had received several insulting anonymous postal cards and because of the similarity (real or imaginary) of the prosecutrix's handwriting to the writing on the cards appellant assumed that she had written them, and meeting her on the streets of Biloxi accosted her and charged her with having mailed the cards. Sharp words ensued between the two, followed quickly by a personal altercation wherein the prosecu-

trix sustained personal injury. The facts are further stated in the opinion of the court.

*J. H. Mize,* for appellant.

There is no evidence in this record on which the second instruction for the state, in any phase of the case, could be based. It is erroneous for three reasons:—

First. It assumes as a fact that postal cards were introduced in evidence addressed to parties other than defendant or members of her immediate family.

Second. It is a charge upon the weight of evidence even if the facts as shown by the record justified this instruction.

Third. It further assumes that the sending of postal cards to parties other than defendant or the members of her immediate family was the cause of the alleged assault and battery upon Mrs. Harvey by defendant.

There is absolutely no evidence that there were any cards sent to any persons other than appellant's husband and her three children.

*George Butler,* assistant attorney general, for appellee.

The only question for consideration on this appeal is the correctness of the second instruction for the state. Its correctness is challenged for many reasons, and it is difficult to defend the giving of the instruction, but it could not have operated to appellant's prejudice.

It is impossible to see how the jury could have been misled by this instruction. The very first instruction for defendant announced that under the evidence in the case, Mrs. Harvey had no right to strike Madame De Silva first, and the fourth instruction advised the jury that if Mrs. Harvey struck the first blow then Madame De Silva had a right to strike her.

Whitfield, C. J., delivered the opinion of the court.

The second instruction given for the state was fatally erroneous. It is in the following words: "The court instructs the

jury for the state that the sending of the postal cards introduced in evidence to parties other than defendant, or members of her immediate family, did not justify an assault and battery upon Mrs. Margaret Harvey by the defendant." This plainly assumes two facts which should have been submitted to the jury on the evidence, if there was any evidence on these two points: First, it assumes that postal cards had been introduced in evidence, addressed to parties other than the defendant, or to members of her immediate family, and that they had been sent; second, it assumes that Madame De Silva had made an assault and battery upon Mrs. Harvey. Whether an assault was made was a question of fact for the jury, and whether any such postal cards were sent was also a question of fact for the jury. Indeed, there was no evidence whatever in the record that any such postal cards had been sent at all.

*Reversed and remanded.*